UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAYNE BELCHER ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7368** |
| **JOSEPH LOPINTO, III ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendants' Motion to Reconsider the Court's Order Excluding Any and All Evidence and/or Material Relating to Decedent's Prior Criminal History (Doc. 218). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

This action arises out of Joshua Belcher's suicide at the Jefferson Parish Correctional Center ("JPCC") in Gretna, Louisiana, where he was being held as a pretrial detainee. Following his death, Belcher's parents, Jayne and Jimmy Belcher ("Plaintiffs"), filed this suit, alleging violations of § 1983 and state law against Joseph P. Lopinto, III and Newell Normand, as the current and former Sheriffs of Jefferson Parish, respectively; Jefferson Parish; CorrectHealth Jefferson, L.L.C. ("CH"), the entity with whom Jefferson Parish contracted to provide healthcare services at JPCC; and Ironshore Specialty Insurance Co. ("Ironshore"), the insurance provider for CH. On September 9, 2020, this Court issued an Order granting summary judgment in favor of the Sheriffs and Jefferson Parish and denying summary judgment in favor of CH

1

and Ironshore.[1] Accordingly, CH and Ironshore (collectively, "Defendants") are the only remaining defendants in this action.

On October 27, 2020, for the reasons stated at the October 22, 2020 pretrial conference in this matter, this Court issued an Order granting in part and denying part Plaintiffs' Motion in Limine to Exclude Related to Prior Bad Acts of Joshua Belcher.[2] In relevant part, the Order excluded from trial certain exhibits and evidence related to Joshua Belcher's prior criminal history and the reason for his incarceration at the time of his death.[3] Specifically, this Court excluded: (1) "evidence, testimony, and related argument as to the substance of Joshua Belcher's outstanding warrant in Florida"; (2) "exhibits containing any and all reports, statements, narratives, photographs and/or any other material from Jacksonville Sheriff's Office relating to the incident of June 7, 2016, or Joshua Belcher's prior criminal history"; (3) "the prior incarceration report of Joshua Belcher located at JPSO00028-00032"; and (4) "the material attached as an exhibit to Detective Mark Lessard's Deposition."[4]

Now before the Court is Defendants' Motion to Reconsider the Court's Order wherein Defendants argue that the Court erred in excluding this evidence. Plaintiffs oppose the Motion.

---

[1] *See* Doc. 185. On October 5, 2020, this Court issued its reasons for judgment. *See* Doc. 197.
[2] *See* Doc. 204 (Order); Doc. 153 (Plaintiffs' Motion in Limine). At the time of the pretrial conference, the jury trial in this matter was scheduled to begin on May 3, 2021. Due to the COVID-19 pandemic, the trial has since been reset for November 1, 2021.
[3] *See* Doc. 204.
[4] *See id.*

## **LEGAL STANDARD**

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b).[5] "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[6]

## **LAW AND ANALYSIS**

Under Federal Rule of Civil Procedure 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In the instant Motion, Defendants argue that this Court improperly disregarded the probative nature of the excluded evidence. Defendants intend to prove the following at trial: that Belcher committed suicide because of the weight of the charges against him; that his perception of these charges changed significantly after he was released from suicide watch; and that his perception changed because of a phone call he received from an acquaintance. Defendants thus argue that this Court's exclusion of evidence related to the specific charges and allegations against Belcher was error as its high probative value clearly outweighs any prejudice to Plaintiffs.

---

[5] FED. R. CIV. P. 54(b) (noting that a district court may revise at any time prior to final judgment "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"). See McClendon v. United States, 892 F.3d 775, 781 (5th Cir. 2018).
[6] Austin v. Kroger Tex., L.P., 864 F.3d 326, 336 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

To be clear, this Court has not excluded all testimony related to Belcher's underlying charge. Indeed, this Court's Order on Plaintiffs' Motion in Limine specifically allows Defendants to elicit testimony that Belcher was arrested on an outstanding felony warrant from Florida. Moreover, this Court has not excluded evidence of the relevant telephone conversation or that Belcher was facing significant jail time. Defendants, however, want more. Defendants wish to introduce evidence of the graphic nature of Belcher's underlying crime, which this Court deems to be more prejudicial than probative. There is no evidence that in the hours between Belcher's release from suicide watch and his actual suicide that the decedent received any of the evidence collected at the crime scene or the report by Detective Lessard. The Court therefore does not find this evidence significant to Defendants' defense.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Reconsider the Court's Order Excluding Any and All Evidence and/or Material Relating to Decedent's Prior Criminal History (Doc. 218) is **DENIED**.

New Orleans, Louisiana this 18th day of June, 2021.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**