## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JAYNE BELCHER ET AL.**                          **CIVIL ACTION**

**VERSUS**                                        **NO. 18-7368**

**JOSEPH P. LOPINTO, III ET AL.**                 **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Plaintiffs Jayne and Jimmy Belcher's Objections to the Ruling of the Magistrate Court (Doc. 251). On June 1, 2022, the Magistrate Judge granted in part and denied in part a motion to seal documents from Defendants CorrectHealth Jefferson, LLC and Ironshore Specialty Insurance.[1] After this case was closed, these two Defendants filed a Motion to Seal certain autopsy reports that had been confidentially produced in discovery pursuant to a protective order and that Plaintiffs inadvertently filed into the record unsealed at ECF Nos. 136-14 and 138-10.[2] Plaintiffs opposed the Motion.[3] In response, the Magistrate granted the Motion in part, ordering the documents be refiled with everything redacted except for some basic demographic information and a section entitled "Recommendation."[4]

---

[1] *See* Doc. 247.
[2] *See* Doc. 238.
[3] *See* Doc. 239.
[4] *See* Doc. 247 at 7–8.

Now before the Court is Plaintiffs' Objections to the Ruling of the Magistrate Court.[5] Defendants oppose Plaintiffs' attempt to overturn the Magistrate Judge's ruling.[6]

"Federal Rule of Civil Procedure Rule 72(a) provides that a District Court may modify or set aside any portion of a Magistrate Judge's order of a non-dispositive matter only if the District Court finds the order to be clearly erroneous or contrary to law."[7] "The burden is on the party seeking to seal court documents to establish that the presumption of public records should be overcome."[8]

"The right to public access 'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'"[9] "Thus, the Court must balance the public's right of access to judicial records against the interests favoring nondisclosure."[10]

Plaintiffs argue that the Magistrate Judge's ruling was clearly erroneous for three reasons. First, the psychological autopsies are not "medical information" protected by HIPAA, as the Magistrate found. Second, the finding that the documents were "always considered by everyone . . . to be confidential" was erroneous. Third and finally, the Magistrate erred by not recognizing that under the protective order entered by the parties, a document is not confidential unless a party designates it as such.

---

[5] *See* Doc. 251.

[6] *See* Doc. 254.

[7] Lake Charles Harbor & Terminal Dist. v. Reynolds Metal Co., NO. 2:17-CV-01114, 2019 WL 8323597, at *1 (W.D. La. Aug. 28, 2019).

[8] *Id.* (citing Jaufre ex rel. Jaufre v. Taylor, 351 F. Supp. 2d 514, 516 (E.D. La. 2005)).

[9] U.S. v. Holy Land Found. for Relief & Dev., 624 F.3d 685, 689 (5th Cir. 2010) (quoting Littlejohn v. BIC Corp., 851 F.2d 682 (3d Cir. 1988)).

[10] *Lake Charles Harbor & Terminal Dist.*, 2019 WL 8323597, at *1.

The Court finds that the Magistrate Judge's ruling was correct on each of these points. The reports contain private medical information about non-parties; that these documents were created pursuant to a company policy does not eliminate the surrounding privacy concerns or protections from HIPPA. The Magistrate Judge was also correct that the reports were confidential and considered so by the parties and the Court. Indeed, elsewhere in the record Plaintiffs filed the same reports under seal, and as the Magistrate explained, "Defendants' failure to timely notice that Plaintiffs had filed confidential documents into the record without seeking leave to place under seal cannot operate as a waiver of the non-parties' privacy rights in their medical information."[11] Finally, it was previously ordered that "production of the [autopsy] reports is hereby made subject to the above-stated protective order," meaning no designation of confidentiality was required.[12]

For the foregoing reasons, the Magistrate Judge's Order and Reasons is **AFFIRMED**.

New Orleans, Louisiana this 20th day of July, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[11] Doc. 247 at 7; *see also* Docs. 202, 211, 213.
[12] Doc. 78 at 8.